IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORDAN BERG,

                                 Plaintiff,

    v.                                                    OPINION and ORDER

COII BABCOCK, CAPT. BELOUNGY,
CAPT. RALPF, LT. BENSON,                             18-cv-842-jdp
and SGT. D. KIM,

                                 Defendants.

---

Plaintiff Jordan Berg, appearing pro se, is incarcerated at New Lisbon Correctional Institution (NLCI). I granted him leave to proceed on First Amendment retaliation claims against five defendants based on his allegation that they punished him for engaging in First Amendment-protected activity. *See* Dkt. 18, at 8–10. I denied him leave to proceed on claims against five other defendants because Berg failed to state claims against them. *See id.* at 5–7. Berg has now filed a motion asking me to reconsider my decision to dismiss Deputy Warden Tim Thomas from the case. Dkt. 22.

In my original order, I explained that supervisory officials such as Tim Thomas may not be held liable for the actions of others under § 1983 unless they "had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). Because Berg did not allege that Thomas was personally involved in or even knew about the events underlying his claims, I dismissed him as a defendant.

In his motion for reconsideration, Berg contends that:

> Thomas was aware that staff routine[]ly hid their Identification
> Badges + Retaliated against inmate Berg by NOT dismissing the

> Conduct Report with regard to ID's. Therefore Thomas condoned the staff violations as well as approved the retaliatory acts of upgrading conduct reports with more time when Berg contested the Conduct Report to the appropriate staff. Thomas should've dismissed Berg[']s Conduct Report in the face of Berg using his 1st Amendment Right to ask about the ID tags.
>
> Defendant Thomas was also written by the Plaintiff yet Thomas never addressed the issue with the staff in question.

Dkt. 22, at 1–2. In other words, Berg alleges that Thomas was personally involved in the challenged conduct because he failed to undo the retaliation by dismissing the conduct report or disciplining the offending NLCI employees.

These new allegations are still not sufficient to state a claim against Thomas. As I explained in the screening order, "only persons who cause or participate in the violations" can be held liable under § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). By the time Thomas reviewed Berg's conduct report, the allegedly retaliatory acts at issue—the initial issuance of the conduct report and the subsequent addition of two more days of room confinement—were completed. Thomas's involvement in these events was limited to reviewing them after the fact, which is not a basis for liability. *See id.* at 609–10 ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Berg does not state a claim against Thomas, so his motion for reconsideration is denied.

ORDER

IT IS ORDERED that Plaintiff Jordan Berg's motion for reconsideration, Dkt. 22, is DENIED.

Entered July 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge