## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

JORDAN BERG,

                    Plaintiff,

   v.                                                                    OPINION and ORDER

COII BABCOCK, CAPT. BELOUNGY,                                      18-cv-842-jdp
CAPT. RALPF, LT. BENSON,
and SGT. D. KIM,

                    Defendants.

Pro se plaintiff Jordan Berg is proceeding on First Amendment claims based on four incidents of alleged retaliation that occurred when Berg was incarcerated at New Lisbon Correctional Institution (NLCI) in 2017. Dkt. 18. Berg alleges that he was disciplined for (1) complaining that a correctional officer wasn't wearing her identification badge on the outside of her uniform on October 13, 2017; (2) refusing to sign the conduct report that resulted; (3) complaining that he hadn't been permitted to take a shower on October 14, 2017; and (4) initially refusing to sign the resulting conduct report.

Several motions are before the court. Defendants have filed a motion for summary judgment contending that Berg failed to exhaust his administrative remedies. Dkt. 35. Berg has filed (1) a motion to amend his complaint to add Correctional Officer Flemming as a defendant, Dkt. 32; (2) a motion for spoliation sanctions, Dkt. 30; and (3) two motions for default judgment based on defendants' alleged failures to respond to Berg's filings, Dkt. 42 and Dkt. 49.

Berg failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, so I will grant defendants' motion for summary judgment and dismiss this case. I will deny the remaining motions as moot.

## A. Motion for summary judgment for failure to exhaust administrative remedies

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before challenging prison conditions in federal court. 42 U.S.C. § 1997e(a). The purpose of this requirement is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants say that Berg failed to exhaust any of his claims. They provide evidence that Berg filed only one grievance with any connection to the events underlying his complaint: an October 17, 2017 grievance alleging that "Officer Babcock [was] not wearing her ID" and that defendants Babcock, Kim, and Ralpf told him that he "d[id] not have a [F]irst Amendment Right to have asked COII Babcock to wear her ID." Dkt. 37-2, at 8. Berg's grievance does not mention the conduct report or otherwise allege that any defendant had retaliated against him for complaining about the ID issue. The institution complaint examiner rejected Berg's grievance for failing to raise a significant issue. *Id.* at 2. Berg appealed the rejection to the reviewing authority (in this instance, the warden), arguing that the issue was "serious enough [that] COII Babcock wrote [him] a conduct report for disrespect." *Id.* at 10. The warden affirmed the rejection of Berg's complaint for failure to raise a significant issue. *Id.* at 5. Berg

did not file any subsequent grievances about the ID badge incident, or about any of the other events relevant to this case.

Berg doesn't deny that he failed to file grievances about three of the four alleged incidents of retaliation at issue in his complaint. So I will dismiss the retaliation claims arising out of Berg's refusal to sign the first conduct report, Berg's complaints about not being permitted to take a shower, and Berg's initial refusal to sign the second conduct report. But Berg says that his October 17, 2017 grievance was sufficient to exhaust his retaliation claims concerning the conduct report he received for complaining about Babcock's failure to wear her ID. He offers four arguments to support this position.

First, Berg argues that the inmate complaint review system "is silent on what needs to be in the complaint" and that Berg "cannot be held to a standard that doesn't exist." Dkt. 47, at 2. He says that although there used to be a policy requiring that grievances "clearly identify the problem for which an inmate seeks redress," that policy has since been eliminated. *Id.* I take Berg to be saying that his October 17 grievance should be deemed sufficient to exhaust his retaliation claims because there is no rule or policy that required him to be more specific. But the administrative regulations in effect at the time that Berg filed his grievance did require him to "clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e) (2017). That policy remains in effect today. *See* Wis. Admin. Code § DOC 310.07(5). And under relevant case law, exhausting a claim for retaliation requires filing a grievance that, at minimum, identifies the protected conduct that provoked the retaliation and the retaliatory act. *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017). Berg's grievance clearly identified his protected conduct (complaining about Babcock's failure to display her ID), but it did not identify what retaliatory act Berg suffered as a result of that conduct. Berg mentioned

that he received a conduct report in his appeal of the rejection of his grievance, but proper exhaustion requires inmates to first raise the issue by filing a grievance at the institution level. *See* Wis. Admin. Code §§ DOC 310.07(1), 310.09(1) (2017); *cf. Hiler v. Pollard*, No. 07-C-863, 2009 WL 188027, at *3 (E.D. Wis. Jan. 27, 2009) ("[A]n issue raised for the first time in an appeal . . . is not an exhausted issue."). Because Berg did not clearly identify any alleged retaliatory actions in his October 17 grievance, Berg failed to exhaust his First Amendment retaliation claims related to the ID badge incident.

Second, Berg argues that he couldn't properly exhaust his administrative remedies because his grievance was rejected by the complaint examiner and, per prison policy, he could submit only one grievance per week. Generally, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). As an initial matter, Berg misstates the rule in effect at the time he filed his grievance: in 2017, the regulations allowed inmates to file "not more than 2 complaints per calendar week." Wis. Admin. Code § DOC 310.09(2) (2017). (That regulation has since been amended to cap inmates at one complaint per week except in certain limited circumstances. *See* Wis. Admin. Code § DOC 310.07(7).) More important, Berg hasn't shown that his failure to properly file a grievance had anything to do with the grievances-per-week limitation. The institution complaint examiner rejected Berg's October 16, 2017 grievance on November 13, 2017—more than a week after Berg filed it. Prior to that rejection, the grievance was still under consideration and Berg would have seen no need to file additional grievances on the issue. So Berg's failure to exhaust can't be attributed to any policy restricting the number of grievances an inmate may file in a week.

Third, Berg argues that a prisoner need not file multiple, successive grievances raising the same issue if the objectionable conduct or condition is ongoing. He cites *Turley v. Rednour,* in which the court of appeals held that "[s]eparate complaints about particular incidents are only required if the underlying facts or the complaints are different. Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." 729 F.3d 645, 650 (7th Cir. 2013) (internal citations omitted). But the "continuing violation" theory at issue in *Turley* does not apply here; Berg's October 17 grievance failed to provide notice of *any* alleged retaliatory actions against Berg, let alone ongoing retaliatory conduct.

Fourth, Berg cites *Johnson v. Litscher* for the proposition that when the inmate complaint review system "fail[s] to address" an inmate's grievance, "that will constitute exhaustion, and he may then bring his claim to federal court." 260 F.3d 826, 830 (7th Cir. 2001). Berg says that I should deem his claims exhausted because the institution complaint examiner "failed to investigate . . . the facts underlying the complaint." Dkt. 47, at 1. But again, Berg's grievance failed to provide notice of his retaliation claim and was therefore inadequate to exhaust it. The institution complaint examiner's failure to investigate Berg's grievance doesn't excuse Berg's failure to fulfill this threshold requirement. *Johnson* does not hold otherwise. *Johnson* simply articulated the general principle underlying the exhaustion requirement: when the inmate complaint review system offers a potential administrative remedy, an inmate must make use of that system; if the system fails to address the inmate's claim, then the inmate may bring his exhausted claim to federal court.

Because the undisputed evidence shows that Berg failed to exhaust his administrative remedies on any of his claims, I will grant defendants' motion for summary judgment and

dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Although I am dismissing the claims without prejudice, it is unlikely that Berg will be able to exhaust them in the future. Any grievances he files about these issues at this point will almost certainly be rejected as untimely.

## B. Other motions

Berg has filed four motions, all of which are rendered moot by the dismissal of his case. Berg's motion to amend his complaint to add Correctional Officer Flemming as a defendant (based on Flemming's alleged participation in the other defendants' retaliatory scheme) is moot because Berg failed to exhaust any retaliation claims, including any potential claims against Flemming. Berg's motion for spoliation sanctions based on defendants' failure to save surveillance footage from the night of October 13, 2017 is also moot because the surveillance footage at issue wouldn't have saved Berg's claims from dismissal for failure to exhaust administrative remedies. Finally, Berg's two motions for default judgment are moot because Berg filed them after defendants moved for summary judgment. But even if they weren't, I would deny them because there has been no default. Berg says that defendants failed to file timely responses to his filings, but that is not correct. Defendants missed no deadlines in this case; they timely filed a brief in opposition to Berg's motion for sanctions, Dkt. 33, and their reply brief in support of their motion for summary judgment, Dkt. 48.

ORDER

IT IS ORDERED that:

1.  Defendants' motion for summary judgment, Dkt. 35, is GRANTED. This case is DISMISSED without prejudice for plaintiff Jordan Berg's failure to exhaust his administrative remedies.

2.  Berg's motion to amend the complaint to add Correctional Officer Flemming as a defendant, Dkt. 32; his motion for spoliation sanctions, Dkt. 30; and his motions for default judgment, Dkt. 42 and Dkt. 49, are DENIED as moot.

3.  The clerk of court is directed to enter judgment for the defendants and close this case.

Entered February 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge